UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CATHOLIC CHARITIES WEST MICHIGAN, | Case No. |
| Plaintiff, | HON. |
| v | |
| MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT GORDON, in his official capacity as Director of the Michigan Department of Health and Human Services; MICHIGAN CHILDREN'S SERVICES AGENCY; JENNIFER WRAYNO, in her official capacity as Acting Executive Director of Michigan Children's Services Agency; DANA NESSEL, in her official capacity as Attorney General of Michigan. | NOTICE OF REMOVAL |
| Defendants. | |

> Pursuant to L.Civ.R. 3.3.1(d)(iii) and 3.3.1(g) this action is related to *Dumont et al. v. Gordon, et al.*, Case No. 2:17-cv-13080 (E.D. Mich.) (Borman, J.), dismissed on March 22, 2019; and *Buck v. Gordon*, Case No. 1:19-cv-00286 (W.D. Mich.) (Jonker, C.J.), filed on April 15, 2019 and currently pending.

_____/

| | |
|---|---|
| Roger Brooks (NC Bar No. 16317) | James R. Wierenga (P48946) |
| Jeremiah Galus (AZ No. 030469) | Attorney for Plaintiff |
| Attorneys for Plaintiff | David, Wierenga & Lauka, PC |
| Alliance Defending Freedom | 99 Monroe Ave., NW |
| 15100 N. 90th Street | Ste. 1210 |
| Scottsdale, AZ 85260 | Grand Rapids, MI 49503 |
| (480) 444-0020 | (616) 454-3883 |
| rbrooks@ADFlegal.org | jim@dwlawpc.com |
| jgalus@ADFlegal.org | |

1

| | |
|---|---|
| David A. Cortman (GA No. 188810)<br>Attorney for Plaintiff<br>Alliance Defending Freedom<br>1000 Hurricane Shoals Rd. NE<br>Ste. D-1100<br>Lawrenceville, GA 30043<br>(202) 339-0774<br>dcortman@ADFlegal.org | Toni L. Harris (P63111)<br>Joshua S. Smith (P63349)<br>Precious S. Boone (P81631)<br>Elizabeth R. Husa Briggs (P73907)<br>Attorneys for Defendants<br>Michigan Department of Attorney General<br>Health, Education & Family Services Division<br>P.O. Box 30758<br>Lansing, MI 48909<br>(517) 335-7603<br>HarrisT19@michigan.gov<br>Smithj46@michigan.gov |

_____/

## NOTICE OF REMOVAL

Defendants Michigan Department of Health and Human Services (DHHS), DHHS Director Robert Gordon, Michigan Children's Services Agency (CSA), and CSA Executive Director JooYeun Chang[1] (collectively "DHHS Defendants"), and Defendant Michigan Attorney General Dana Nessel, by and through the undersigned counsel, hereby give notice of removal of the above-captioned case, *Catholic Charities West Michigan v. Michigan  Dep't of Health & Human Servs., et al.,*

---

[1] Pursuant to Fed. R. Civ. P. 25(d) the current Children's Services Agency Executive Director JooYeun Chang is substituted for Acting Children's Services Agency Executive Director Jennifer Wrayno, who was named in her official capacity.

2

Case No. 19-000072-MM, from the Michigan Court of Claims to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1441(a) and 1446. The grounds for removal are as follows:

 1. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it was filed within 30 days after receipt of the complaint by any DHHS Defendant, and Defendant Nessel consents to removal pursuant to 28 U.S.C. § 1446(b)(2)(C).

 2. Defendant Dana Nessel was served on May 9, 2019; however, the Attorney General's Office received a courtesy copy of the complaint from the Michigan Court of Claims on-or-around May 2, 2019. Defendants DHHS and DHHS Director Robert Gordon were served with the complaint on May 9, 2019. Defendants CSA and Jennifer Wrayno, as CSA's then-Acting Executive Director, were served via email, at Plaintiff's counsel's request, on May 15, 2019.

 3. A true-and-correct copy of the summons and complaint is attached as Exhibit A.

4. On May 15, 2019, Plaintiffs filed a Motion for Preliminary Injunction[2], with supporting Brief and Affidavit, a copy of which are attached as Exhibit B.

5. On May 24, 2019, the parties filed a Proposed Stipulated Order Extending Deadlines, setting June 28, 2019 as the deadline for Defendants to respond to the complaint and to the Motion for Preliminary Injunction filed in the Michigan Court of Claims. A copy of this proposed order is attached as Exhibit C.

6. Removal is warranted pursuant to 28 U.S.C. § 1441(a) because the complaint constitutes a civil action with several counts arising under the Constitution of the United States. 28 U.S.C. § 1331. Specifically, Plaintiff Catholic Charities claims that DHHS's purported "new policy" announced via a directive issued by the DHHS Defendants in April 2019, violates Plaintiff's rights under the First and Fourteenth

---

[2] Pursuant to 28 U.S.C. § 1446(a), this Notice includes "a copy of all process, pleadings, and orders served upon … defendants" in the state court action. Plaintiff's Motion for a Preliminary Injunction with supporting Brief and other documents is included herewith for sake of completeness. The state court case can proceed no further. 28 U.S.C. § 1446(d) If Plaintiff desires to proceed with this motion after removal, Defendants assume it will file the motion anew in accordance with Fed. R. Civ. P. 65.

Amendment to the United States Constitution, 42 U.S.C. § 1983, as well as other federal and state laws. (Ex. A, Compl., ¶¶ 10, 131, 196-226.) Federal court is the appropriate forum for this dispute.

7. Moreover, the United States District Court for the Eastern District of Michigan is the appropriate venue. Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed "to the district court of the United States for the district and the division embracing the place where such action is pending." This case is currently pending before the Michigan Court of Claims. The Court of Claims "sit[s] in the court of appeals district where a court of appeals judge serving as a judge of the court of claims sits, unless otherwise determined by the chief judge of the court of claims." Mich. Comp. Laws § 600.6413 (LexisNexis 2019). The Honorable Judge Cynthia Stephens is the court of appeals judge assigned to this matter, and she sits in Michigan Court of Appeals District 1 which is located in Detroit, Michigan. *See* Mich. Court of Claims Home Page, Court of Claims Judges, https://courts.michigan.gov/courts/coc/pages/default.aspx; *see also* Mich. Court of Appeals Office and Courtroom Locations, District 1,

5

https://courts.michigan.gov/Courts/COA/clerksoffice/Pages/Locations.aspx.

8. Not only does this Court have original jurisdiction over the federal claims, but this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) encompasses the state law claims. Such claims are so related to Plaintiff's federal constitutional claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

9. Specifically, the "case or controversy" at issue here is a collateral challenge to a Settlement Agreement executed by the plaintiffs and DHHS Defendants in *Dumont v. Gordon, et al.*, No. 17-cv-13080 (E.D. Mich. 2018). Per Order dated March 22, 2019, Judge Borman dismissed *Dumont* with prejudice pursuant to the terms of the Settlement Agreement while expressly "retain[ing] jurisdiction over the enforcement of the Settlement Agreement in [*Dumont*]." ("*Dumont* Consent Decree") (*Dumont,* No. 2:17-cv-13808, Doc. 83, Page ID ## 1468-69.) Page ID # 1468).

10. The *Dumont* Consent Decree, and DHHS's alleged actions in compliance with it, are at the heart of this case. Several paragraphs in

Plaintiff's Complaint are devoted to describing the *Dumont* litigation and the settlement in that lawsuit. (Ex. A, Compl., ¶¶ 125-30.) Plaintiff claims that a so-called "new policy" arose from a DHHS Directive issued in April 2019 – less than a month after the *Dumont* Consent Decree was entered. The directive apparently notified Child Placement Agencies (CPA's), like Plaintiff, that they would be in violation of their contract with DHHS if they refer or turn away an otherwise qualified LGBTQ individual or same-sex couple when providing a child in care with foster care and adoptive services under the CPA contract. (Compl., ¶¶ 132-133.) Defendants disagree with the characterization as a "new policy," but regardless, this policy is part of the Settlement Agreement and forms the basis for Plaintiff's federal claims. (Comp., ¶¶ 134, 200-26.) No court can grant the relief that Plaintiff requests, to wit, an injunction or declaration allowing discrimination in the context of services provided under CPA contract – without requiring the DHHS Defendants to be in violation of the Consent Decree. The proper forum for enforcing the Consent Decree is before this Court that entered it. This is true of an enforcement action brought by a party to the Consent Decree and also, where, as here, a

7

non-party to the Consent Decree claims its rights are violated by it. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381, 114 S. Ct. 1673 (1994); *Pedreira v. Sunrise Children Servs.*, 802 F.3d 865, 867-68 (6th Cir. 2015) (claim(s) brought by a "religiously oriented" organization that provided foster care services under contract with the state should be heard before the court that entered the consent decree, when the consent decree affected the organization's contract with the state); *Lessard v. City of Allen Park,* 247 F.Supp.2d 843 (E.D. Mich. 2003) (supplemental jurisdiction over state law claims after finding original jurisdiction over consent decree).

11. Moreover, even without the Consent Decree, this Court's supplemental jurisdiction extends to Plaintiff's state law claims. Such jurisdiction extends to "all [non-federal] claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" and derive from a common nucleus of operative facts. 28 U.S.C. § 1367(a); *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002), quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996).

8

12. Plaintiff Catholic Charities can hardly argue that the state law claims do not derive from a common nucleus of operative facts. The first 155 paragraphs in Plaintiff's complaint detail the facts alleged here, and all are incorporated by reference (an

13. d without exception) into each Count thereafter. As explained above, Plaintiff challenges an April 2019 directive from DHHS, describing a purported "new policy" that prohibits CPAs from referring or turning away LGBTQ individuals and same-sex couples when providing services to a child in care under CPA contract with the DHHS. Plaintiff's claim that this "new policy" purportedly violates Michigan law for much the same reasons as they claim it violates federal law. Both original and supplemental jurisdiction warrant removal of this case to the United States District Court for the Eastern District of Michigan.

14. Defendants have provided written notice of this Notice to counsel for Catholic Charities, and a true and complete copy of this Notice will be filed in the Michigan Court of Claims.

WHEREFORE, the DHHS Defendants and Defendant Nessel remove this action, previously commenced in the Michigan Court of Claims, to the United States District Court for the Eastern District of Michigan.

Date: June 5, 2019 /s/ Toni L. Harris
Toni L. Harris
Assistant Attorney General
Attorney for Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
Harrist19@michigan.gov
P63111

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I mailed this **Notice of Removal** by United States Postal Service, first class postage prepaid, and by electronic mail, to Plaintiff's counsel below:

James R. Wierenga
David, Wierenga & Lauka, PC
99 Monroe Ave., NW, Ste. 1210
Grand Rapids, MI 49503
jim@dwlawpc.com

Roger Brooks
Jeremiah Galus
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
rbrooks@ADFlegal.org
jgalus@ADFlegal.org

David A. Cortman
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
dcortman@ADFlegal.org

/s/ Toni L. Harris
Toni L. Harris
Assistant Attorney General
Attorney for Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
Harrist19@michigan.gov
P63111