UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHOLIC CHARITIES
WEST MICHIGAN,

      Plaintiff,

v.

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES; ROBERT GORDON,
in his official capacity as Director
of the Michigan Department of
Health and Human Services;
MICHIGAN CHILDREN'S
SERVICES AGENCY; JENNIFER
WRAYNO, in her official capacity as
Acting Executive Director of
Michigan Children's Services
Agency; DANA NESSEL, in her
official capacity as Attorney General
of Michigan,

      Defendants.

_____/

No. 2:19-CV-11661-DPH-DRG

HON. DENISE PAGE HOOD

MAG. DAVID R. GRAND

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S NOTICE
OF SUPPLEMENTAL
AUTHORITY (DOC 47)**

James R. Wierenga (P48946)
Attorney for Plaintiff
David, Wierenga & Lauka, PC
99 Monroe Ave., NW
Ste. 1210
Grand Rapids, MI 49503
(616) 454-3883
jim@dwlawpc.com

David A. Cortman (GA Bar #188810)
Attorney for Plaintiff
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@ADFlegal.org

Roger Brooks (NC Bar #16317)
Jeremiah Galus (AZ Bar #030469)
Attorneys for Plaintiff
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rbrooks@ADFlegal.org
jgalus@ADFlegal.org

Toni L. Harris (P63111)
Elizabeth R. Husa Briggs
(P73907)
Attorneys for Defendants
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HarrisT19@michigan.gov
BriggsE1@michigan.gov

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION (DOC 47)**

The Second Circuit's holding in *New Hope Family Services, Inc. v. Poole,* No. 19-1715 (2d Cir. July 21, 2020), is not dispositive of the question before *this* Court.  *This* Court must decide whether Plaintiff carried its burden of demonstrating entitlement to an extraordinary relief – i.e., a preliminary injunction overriding Michigan law, MDHHS's non-discrimination policy, and Plaintiff's own voluntarily-entered, state-funded contracts, by essentially sanctioning discrimination in services provided to children in state-supervised care.

As explained below, *New Hope Family Services* is instructive, but not for the reasons Plaintiff asserts.  While the Second Circuit's holding was in favor of New Hope, a faith-based adoption agency which sought to operate in accordance with its religious beliefs, the analysis the appellate court used to arrive at this decision actually supports Defendants' position in its response to Plaintiff's motion for a preliminary injunction.  Plaintiff's motion should be denied.

Notably, the Second Circuit did *not* decide that New Hope was entitled to a preliminary injunction – as Plaintiff requests.  In fact, it remanded the case to the district court for this decision.  The Second Circuit merely held that New Hope's pleadings were sufficient to state a

legally cognizable claim. *New Hope Family Services, Inc. v. Poole,*
No. 19-1715, *8, *31 (2d Cir. July 21, 2020). The sufficiency of
Plaintiff's pleadings is not at issue here.

However, Plaintiff's request for injunctive relief *is*– and as a
result, a markedly different standard applies. In *New Hope Family
Services,* the Second Circuit considered a motion to dismiss by
appropriately accepting all factual allegations as true, drawing
reasonable inferences in New Hope's favor, and determining whether
the allegations – as pled – were sufficient to state a claim. *New Hope
Family Services, Inc.* at *31.

In this case, this Court must apply an entirely different analysis.
Plaintiff seeks a preliminary injunction – an "extraordinary form of
relief" – which can only be granted if Plaintiff demonstrates, among
other things, a substantial likelihood of success on the merits and that
public interest is served by issuance of the injunction. *SEIU Local 1 v.
Husted,* 698 F.3d 341, 343-44 (6th Cir. 2012) (internal citations and
quotations omitted). As Defendants explained in their response to
Plaintiff's motion for a preliminary injunction, Plaintiff has not satisfied
its burden with respect to any of the four factors and, therefore,

2

Plaintiff's motion should be denied. (Defs.' Resp., Doc. 22, Page ID # 935-51.)

The reasons the Second Circuit provided to distinguish New Hope's claims from those of Catholic Social Services, in *Fulton v. City of Philadelphia*, 922 F.3d 140 (3d Cir. 2019), cert. granted, 140 S.Ct 1104, demonstrate this. In *Fulton*, the Third Circuit upheld denial of a preliminary injunction brought on behalf of a faith-based provider of foster care services, which would have allowed it to carry out contracted-services counter to the City's nondiscrimination policy.

The Second Circuit found *New Hope Family Services* distinct from *Fulton* because the relationship between the parties in *Fulton* was "contractual and compensatory" and, also, *Fulton* involved a motion for a preliminary injunction – not a motion to dismiss. *New Hope Family Services, Inc.* at \*41-42. Applying this same analysis demonstrates the that the Third Circuit's analysis and holding in *Fulton* applies here.

The distinction of the standard of review has been addressed above. At issue here (as in *Fulton*) is Plaintiff's motion for preliminary injunction, and, as the Second Circuit emphasized, "[n]owhere in Fulton does the Third Circuit suggest that CSS's allegations, if assumed true,

were insufficient to state a Free Exercise claim." *New Hope Family Services, Inc.* at *42.  The same is applicable here.

The distinction in the parties' relationship is even more substantial.  Unlike *New Hope Family Services,* the relationship between Plaintiff and MDHHS is "contractual and compensatory."  *Cf. New Hope Family Services, Inc.* at *41-42.  As explained in Defendants' response, "[a]ll CPAs sign the same master contract for foster parent and adoption services." (Defs.' Resp., Doc. 22, Page ID # 928.)  And Plaintiff acknowledges that it receives compensation for these services. (Pl.'s Mot., Doc. 10, Page ID # 606.)

This is significant.  The Sixth Circuit has already recognized that a government-funded contract does not provide a forum for protected speech, nor does the free exercise clause authorize an entity operating pursuant to this contract to re-write that contract to accommodate its religious beliefs.  *Teen Ranch v. Udow,* 479 F.3d 403. (6th Cir. 2007). This precedent is binding.  It is also important because the services that Plaintiff provides are to children in state-supervised care.  The State's interest in setting the terms for these contracted-for services is significant, while Plaintiff's ability to facilitate private, direct

placement adoption services is not in dispute.  Plaintiff's motion should be denied.

Also important in the Second Circuit's analysis was a question whether the regulation at issue was consistent with the statute it purported to implement.  *New Hope Family Services, Inc.* at \*44-45. Not so here.  As the Defendants explained in their response to the motion for preliminary injunction, MDHHS neutral, non-discrimination policy aligns with Michigan law.  Under Michigan law and MDHHS policy, every CPA – regardless of any religious affiliation – may accept or reject a referral of a child or individual in need of foster care and adoption services for any reason.  However, no CPA may discriminate in services provided to such child or individual, under the publicly funded foster care case management and adoption contracts.  (*See* Defs.' Resp., Doc. 22, Page ID # 934-35; *see also* Mich. Comp. Laws § 722.124f(1) and Mich. Comp. Laws § 722.124e(7).)  Home studies, orientations and trainings provided to prospective foster care and adoptive parents are services provided under these publicly-funded contracts, and Plaintiff's complaint seeks the right to discriminate in the provision of them.  To the extent there is a question of state law, Defendants request this

Court certify this question to the Michigan Supreme Court – the appropriate forum for resolving unanswered questions of state law. (Defs.' Mot., Doc. 39, Page ID # 1724-29.)  Absent interpretation from the courts to the contrary, neither federal or state law, nor MDHHS policy, nor Plaintiff's voluntarily entered, state-funded contract, authorize this.  Plaintiff's motion for a preliminary injunction should be denied.

## CONCLUSION AND RELIEF REQUESTED

For the reasons explained above, Defendants respectfully request this Court deny Plaintiff's motion for a preliminary injunction and grant such other relief as may be appropriate.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Elizabeth R. Husa Briggs*
Elizabeth R. Husa Briggs (P73907)
Toni L. Harris (P63111)
Attorneys for Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603

Dated:  August 4, 2020

6

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, I electronically filed

**Defendants' Response to Plaintiff's Notice of Supplemental**

**Authority (Doc 47)** with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

/s/ Elizabeth R. Husa Briggs
Elizabeth R. Husa Briggs
Assistant Attorney General
Attorneys for Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
BriggsE1@michigan.gov
