UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHOLIC CHARITIES
WEST MICHIGAN,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES; et al.,

    Defendants.

No. 2:19-CV-11661-DPH-DRG

HON. DENISE PAGE HOOD

MAG. DAVID R. GRAND

_____/

James R. Wierenga (P48946)
Attorney for Plaintiff
David, Wierenga & Lauka, PC
99 Monroe Ave., NW
Ste. 1210
Grand Rapids, MI 49503
(616) 454-3883
jim@dwlawpc.com

David A. Cortman (GA Bar #188810)
Attorney for Plaintiff
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
(770) 339-0774
dcortman@ADFlegal.org

Toni L. Harris (P63111)
Cassandra Drysdale-Crown (P64108)
Neil Giovanatti (P82305)
Attorneys for Defendants
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HarrisT19@michigan.gov
GiovanattiN@michigan.gov
DrysdaleCrownC@michigan.gov

1

Roger Brooks (NC Bar #16317)
Jeremiah Galus (AZ Bar #030469)
Attorneys for Plaintiff
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
rbrooks@ADFlegal.org
jgalus@ADFlegal.org

---

# STIPULATION RESOLVING ALL CLAIMS

## Definitions

Agreement: This stipulation and proposed order.

Claims: All claims against Defendants arising under the allegations in this Litigation.

Contracts: The Placement Agency Foster Care Services contract and the Adoption Services contract between MDHHS and Catholic Charities West Michigan, including both the current contracts and similar future contracts.

CPA license: Catholic Charities West Michigan's license to operate as a child placement agency in Michigan.

The Litigation: The above-captioned case.

MDHHS: The Michigan Department of Health and Human Services; Elizabeth Hertel, in her official capacity as the Director of the

2

Michigan Department of Health and Human Services; and Demetrius Starling, in his official capacity as the Executive Director of the Michigan Children's Services Agency, together with their agents, successors, assigns, and those working in concert with them.

Parties: Plaintiff and Defendants.

Plaintiff: Catholic Charites West Michigan.

Defendants: Michigan Department of Health and Human Services; Elizabeth Hertel, in her official capacity as the Director of the Michigan Department of Health and Human Services; Demetrius Starling, in his official capacity as the Executive Director of the Michigan Children's Services Agency; and Dana Nessel, in her official capacity as Attorney General of Michigan.

## Statement of the Parties

The Parties hereby submit the Agreement below to resolve all Claims according to the terms stated herein.

Plaintiff is currently licensed as a child placement agency and holds a Placement Agency Foster Care Services contract and an Adoption Services contract with MDHHS.

On April 25, 2019, Plaintiff filed a complaint asserting Claims against Defendants. The Litigation was removed to this Court on June 5, 2019 (ECF No. 1).

The Parties wish to resolve all Claims, and the Parties agree that they are entering into the Agreement for that purpose only. Defendants do not admit the facts alleged in the Complaint or liability on any claim, except as set forth in the following paragraph.

In the Contracts, MDHHS maintains discretion to approve Plaintiff's request to return the referral of a foster child previously placed with Plaintiff. MDHHS chooses to exercise this discretion based on its consideration of the best interests of the child. Because MDHHS exercises this discretion, and as a result of the Supreme Court's decision in *Fulton v. City of Philadelphia*, 593 U.S. ___ (2021), the Parties agree that Plaintiff would likely prevail on Count V (Free Exercise) of the Complaint. On this basis alone, Defendants agree to the entry of a judgment on Count V against MDHHS.

### Terms of the Agreement and Order

NOW, THEREFORE, in the interest of resolving the Litigation, Plaintiff and MDHHS hereby STIPULATE AND AGREE as follows:

1. **MDHHS Obligations**.

    a. MDHHS shall not take any action against Plaintiff's CPA license or terminate or not renew the Contracts because Plaintiff does not:

        i. certify or approve a same-sex or unmarried couple as a foster parent or adoptive parent, or

        ii. conduct a home evaluation for a same-sex or unmarried couple, or

        iii. place a foster child with a same-sex or unmarried couple for foster care or adoption.

    b. For clarification:

        i. Except as expressly stated in section 1.a, nothing in this Agreement prohibits MDHHS from taking action against Plaintiff's CPA license or terminating or not renewing the Contracts.

2. **Plaintiff's Obligations.**

    a. Except for Count V, Plaintiff agrees to voluntarily dismiss all Claims with prejudice.

    b. For clarification:

        i. If MDHHS is released from their obligations in section 1 for any reason, nothing in this Agreement prevents Plaintiff from asserting claims against MDHHS for future conduct that would otherwise be enjoined under section 1;

        ii. Nothing in this Agreement prevents Plaintiff from bringing claims that are otherwise not included in their release in section 2.a; and

        iii. Notwithstanding any language to the contrary herein, Defendants do not waive any claims or defenses to Plaintiff's future claims contemplated by section 2.b.i or 2.b.ii.

## 3. Enforcement.

    a. In the event any Party asserts that another Party is not in compliance with one or more of its obligations in this Agreement, the Parties shall address such alleged breach in good faith and act promptly in an attempt to resolve it. The asserting Party shall provide the other Party with written

notice of such assertion and a thirty (30) day opportunity to cure such noncompliance prior to taking legal action. Notice shall be made via email and via certified mail, return receipt requested as follows:

> Catholic Charities West Michigan
> Chief Executive Officer
> 40 Jefferson Ave SE
> Grand Rapids, MI 49503
> dbellamy@ccwestmi.org
>
> Michigan Department of Health and Human Services
> State of Michigan
> Director, Bureau of Legal Affairs
> 333 South Grand Avenue
> Lansing, MI 48909
> MDHHS-CSLD@michigan.gov

b. Notwithstanding any terms to the contrary herein, specific performance shall be the sole and exclusive remedy available to each Party asserting a claim that the other Party has failed to meet its obligations under this Agreement.

c. If the United States Department of Health and Human Services (i) withdraws the Notification of Nonenforcement of Health and Human Services Grants Regulation, 84 Fed. Reg. 63,809 (Nov. 19, 2019) or (ii) issues a new rule that conflicts with MDHHS's obligations under this Agreement, MDHHS will

notify the Court and Plaintiff, under Section 3.a. Upon such notice, the Parties will promptly meet and confer to determine what actions, if any, are needed to ensure compliance with federal law and that MDHHS will remain fully eligible for Title IV-e funding. Within fourteen (14) days of the meet and confer, the Parties will file a joint status report with the Court with their respective positions.

d. This Court retains jurisdiction to enforce this Agreement.

**4. Attorney fees and costs**

a. MDHHS will pay Plaintiff two hundred and fifty thousand dollars and zero cents ($250,000.00) within sixty (60) days of the entry date of this Agreement in full satisfaction of all claims for attorney fees and costs in the Litigation by the Plaintiff. Payment shall be submitted for the benefit of Plaintiff to the Alliance for Defending Freedom in the amount of $243,535.00 and to David, Wierenga & Lauka, PC in the amount of $6,465.00.

b. If Plaintiff's counsel has not already done so, they agree to register with the State of Michigan's SIGMA Vendor Self

       Service System to electronically receive the attorney fees and costs proceedings described in Section 4.a. If needed, instructions will be sent to Plaintiff's counsel to register for this system.

   c. Plaintiff agrees that it is solely responsible for its portion of any and all federal, state, or local taxes that are due as a result of payment made under this Agreement. Plaintiff further acknowledges and agrees to indemnify and hold harmless MDHHS in the event that any federal, state, or local taxing authority asserts any claim for liability based upon payment of these sums to Plaintiff, including but not limited to: unpaid taxes, failure to withhold taxes, penalties, interest or other sums that may become due to any taxing authority. MDHHS makes no representations or warranties about the tax consequences of any monies paid pursuant to this Agreement.

**5. Additional Terms**.

   a. The Parties agree that this Agreement resolves all claims between them.

b. The Parties agree that they shall not appeal from any ruling that adopts this Agreement. The Parties further agree that the relief granted herein is fair and equitable. However, notwithstanding the above, the Parties reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein. Subject to Section 3 herein, the Parties reserve their rights to seek judicial relief for a breach of this Agreement.

c. The Parties acknowledge, understand, and agree that they are entering into this Agreement knowingly, voluntarily, and of their own free will and volition, without coercion or undue influence.

d. Each Party hereto acknowledges, represents, and warrants that each has read this Agreement in its entirety; each has apprised itself of sufficient information to intelligently decide whether to execute this Agreement; the decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement; each clearly understands this Agreement and each of its terms; each fully

and unconditionally consents to the terms of this Agreement; each has had the benefit and advice of counsel; each has executed this Agreement freely, voluntarily, with knowledge, and without duress; neither has relied upon any other representations, written or oral, express or implied, made by any person; the consideration received has been actual and adequate; and each is duly authorized to execute this Agreement in the individual or representative capacity set forth below.

e. The Parties' Agreement is the entire integrated agreement between the Parties, and any and all prior discussions, understandings, and agreements between the Parties with respect to the subject matter hereof are merged into this Agreement, which alone fully and completely expresses the Parties' Agreement. No amendments, waivers, or termination can be made except in a writing signed by each of the Parties and adopted and entered by the Court.

f. This Agreement is binding upon and inures to the benefit of the Parties and their respective successors and permitted assigns.

No Party may assign any rights or obligations in the Agreement without the prior written consent of each other Party hereto. Nothing in the Parties' Agreement is expressly or impliedly intended to confer any rights upon any person or entity other the Parties hereto.

g. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of the Parties' Agreement and do hereby agree to the terms herein.

h. The terms of the Parties' Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

As evidenced by the Parties' signatures below, it is STIPULATED and AGREED:

For Plaintiff:

Date: February 25, 2022             */s/Jeremiah Galus*
                                    Jeremiah Galus
                                    Attorney for Plaintiff


     */s/ David Bellamy*            Dated: February 25, 2022
David Bellamy
Chief Executive Officer
Catholic Charities West Michigan

For MDHHS:

Date: March 1, 2022          */s/ Toni Harris*
                                              Toni Harris
                                              Attorney for MDHHS


*/s/ Elizabeth Hertel*          Dated: March 1, 2022
Elizabeth Hertel
Director
Michigan Department of Health and Human Services


*/s/ Demetrius Sterling*          Dated: February 28, 2022
Demetrius Starling
Executive Director
Michigan Children's Services Agency

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHOLIC CHARITIES
WEST MICHIGAN,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES; et al.,

    Defendants.

No. 2:19-CV-11661-DPH-DRG

HON. DENISE PAGE HOOD

MAG. DAVID R. GRAND

_____/

## ORDER RESOLVING ALL CLAIMS

Upon reviewing the Parties' Agreement above, the Court orders as follows:

The terms and conditions of the Parties' Agreement above are hereby APPROVED and ADOPTED as an enforceable ORDER of this Court;

JUDGMENT is entered on Count V against MDHHS;

All remaining Claims in the Complaint are DISMISSED with prejudice; and

14

The Court retains jurisdiction to enforce the terms of the so-ordered Agreement.

SO ORDERED.

Dated: March 21, 2022                s/Denise Page Hood
                                                                  Denise Page Hood
                                                                  United States District Judge